IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action No. 02-cr-00541-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. LESTER R. RETHERFORD,

    Defendant.

_____

**ORDER RE COSTS OF PROSECUTION**
_____

    In connection with the sentencing of defendant Lester R. Retherford, the government has moved that I order the defendant to pay the costs of prosecution in accordance with 18 U.S.C. § 1918(b) ("Court may order that defendant pay the costs of prosecution") and 26 U.S.C. § 7206 (Upon conviction defendant "shall be fined . . . or imprisoned . . ., or both, together with costs of prosecution").  Attached to government's motion is a verified summary of expenses incurred for witnesses who testified in the government's case-in-chief, including the costs of witness fees, mileage, airline, hotel, incidental and statutory per diems, totaling $49,152.58.  Defendant does not challenge any particular cost but only argues the costs of one witness associated with the count of conviction (Count 23) concerning taxpayer Mikutowicz, should be imposed, urging that the not guilty verdicts or mistrial concerning other charges against defendant otherwise exonerate him and the Tower scheme operated by him and others.

Defendant also argues that, since I've determined that he qualifies for appointed counsel, he is indigent and it would be improper to impose the equivalent of a fine upon him, citing *Bearden v. Georgia*, 461 U.S. 660 (1983).

After consideration of the parties' arguments and the Presentence Investigation Report, I conclude that imposition of costs upon defendant concerning the Count 23 conviction that he willfully aided in the preparation of a false or fraudulent tax return by Mikutowicz in violation of 18 U.S.C. § 7206(2) is mandatory. *See United States v. Jungels*, 910 F.2d 1501, 1504 (statute's plain meaning is that I have discretion whether to impose fine but required to impose costs.)  The fact that defendant may qualify for Criminal Justice Act funds does not excuse this statutory obligation. *Id.* Defendant's argument that somehow the *Bearden* case prohibits the imposition of costs upon the indigent misstates the Court's holding which in fact concludes that a "defendant's poverty in no way immunizes him from punishment." 461 U.S. at 669.

With regard to the conspiracy conviction, § 1918(b) authorizes the imposition of costs as a matter of discretion.  Given the recommendation of the probation officer and the defendant's qualification for appointed counsel, I conclude that, like imposing a fine, I should not impose a cost liability concerning the conspiracy charge.

As to the amount of costs, there were three witnesses who testified concerning the taxpayer Mikutowicz, witnesses Geoffrion ($1,558.32), Malony ($1,472.32) and Schilling ($1,257.62).  These total $4,288.26.  Given the requirement that the government prove the defendant acted willfully, at least some of the other witnesses provided evidence against the defendant but certainly not all would have been

necessary. The government provides me with no guidance as to how I might equitably apportion part of other witnesses' testimony to establish a fair amount to attribute to defendant's conviction under Count 23. Absent that proof, I limit my award of costs to those witnesses who directly address the count of conviction.

Accordingly, it is ordered that the defendant shall pay costs of conviction on account of Count 23 in the amount of $4,288.26 pursuant to 26 U.S.C. § 7206.

DATED at Denver, Colorado, on December 16, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge